Dear Mayor Davis:
You advise that your elected Chief of Police has recently resigned. The Governor has issued a proclamation ordering and calling a special election for the Chief of Police to be held on April 1, 1995. You ask whether the Mayor and Board of Aldermen have the authority to appoint a chief of police during the interim.
Your attention is directed to the provisions of the Election Code, stating in pertinent part:
 A. When a vacancy occurs in the office of a member of a parish or municipal governing authority or a combination thereof, a mayor or any other local or municipal office, except an office covered by Subsections B and C hereof and except the office of judge, state legislator, or marshal of a city or municipal court, and the office is filled by election wholly within the boundaries of a local governmental subdivision, the governing authority of the local governmental subdivision where the vacancy occurs shall, within the end days, appoint a person to fill the vacancy who meets the qualifications of the office. The presiding officer of the governing authority shall not be required to vote on such an appointment to be made by the governing authority of a local governmental subdivision unless a tie vote occurs thereon, in which case he shall vote to break the tie; however, in no case shall the presiding officer vote more than once on the appointment. LSA-R.S. 18:602(A); (Emphasis added).
LSA-R.S. 33:385.1 is controlling as the legislative declaration of the qualifications for the office of chief of police. LSA-R.S.33:385.1 provides:
 An elected chief of police of a municipality shall be an elector of the municipality. At the time of qualification as a candidate for the office of chief of police, he shall have been domiciled for at least the immediately preceding year in the municipality except that a person who resides outside of the corporate limits of the village of Maurice may be elected chief of police. The provisions of this Section shall not apply to the village of Napoleonville.
These qualifications are required of everyone who would hold the office, whether they be appointed or elected. An appointee (such as Mr. Robinson, referenced in your correspondence), who has not resided within the municipality for at least a year preceding the appointment is not a qualified appointee under law. See also Attorney General Opinion 90-87, a copy of which is enclosed.
To summarize, it is incumbent upon the board of aldermen as the "local governing authority" to appoint an individual to fill the vacancy pending the election, but the appointee must meet the qualifications of law.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:jlg
Honorable Clave M. Davis, Sr.Mayor of NatchezP.O. Box 181Natchez, La 71456
Kerry L. KilpatrickAssistant Attorney General
Received:
Released: